UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD ANDERSON,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>　　　　　　　　　　Defendants. | Case No.: 18-CV-57-WVG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DETERMINATION OF ATTORNEY FEES**<br>**[ECF NO. 13]** |

The case at bar involves California's Song-Beverly Consumer Warranty Act, colloquially referred to as California's lemon law. The parties have settled the substantive portion of the matter and all that remains is the determination of fees and costs. For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion and awards attorney's fees and costs in the amount of $18,431.21.

**I. BACKGROUND**

On December 5, 2017, Plaintiff Floyd Anderson filed a complaint against Defendant BMW NA, LLC in California Superior Court for the County of San Diego for violations of the federal Magnuson-Moss Warranty Act and the California Song-Beverly Consumer Warranty Act. (Compl., ECF No. 1-2.) Plaintiff alleged that Defendant failed to adequately repair a 2015 BMW motorcycle within thirty days, as required by law. (*Id.*) On January 8, 2018, Defendant filed an Answer in the state court action. (ECF No. 1-4.) On the same day,

Defendant removed the action to two different federal district courts; the Central District of California and the Southern District of California. *See* 2:18-CV-00176-JFW-FFM. Thereafter, the action removed to the Central District of California was dismissed.

On January 23, 2018, Plaintiff sent a settlement offer, requesting Defendant repurchase the motorcycle and pay Plaintiff's attorney's fees to that point. (Romano Decl. ¶ 3.) Defendant declined the offer and did not make a counteroffer at that time. (*Id.*)

On March 16, 2018, the Court convened a telephonic attorneys-only Early Neutral Evaluation, at which point the parties notified the Court the matter had settled with the exception of attorney's fees. The parties further advised the Court that substantial progress towards the resolution of attorney's fees issue had been made and that additional time would likely allow the matter to be resolved without the Court's intervention. On March 21, 2018, the Court convened a telephonic status conference where the parties advised the Court they were unable to agree to terms regarding attorney's fees and requested the Court resolve the dispute.

On March 29, 2018, the parties jointly consented to the undersigned's jurisdiction to conduct all remaining proceedings and enter final judgment pursuant to 28 U.S.C. § 636(c) and Rule 73. (ECF No. 14). On March 30, 2018, Plaintiff filed the present motion, (Mot., ECF No. 13,) and Defendant filed an opposition on April 6, 2018, (Def's Opp'n, ECF No. 16.) The Court convened a motion hearing on April 16, 2018.

## II. LEGAL STANDARD

Pursuant to California's Song-Beverly Consumer Warranty Act ("SBA"), a prevailing buyer "shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794(d). The California Court of Appeal has explained that:

> [t]he plain wording of the statute requires the trial court to base the fee award upon actual time expended on the case, as long as such fees are *reasonably*

incurred — both from the standpoint of time spent and the amount charged. It requires the trial court to make an initial determination of the actual time expended; and then to ascertain whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable. These circumstances may include, but are not limited to, factors such as the complexity of the case and procedural demands, the skill exhibited and the results achieved. If the time expended or the monetary charge being made for the time expended are not reasonable under all the circumstances, then the court must take this into account and award attorney fees in a lesser amount.

*McKenzie v. Ford Motor Co.*, 238 Cal. App. 4th 695, 703 (Cal. Ct. App. 2015) (internal quotation and citation omitted) (emphasis in original). "The Court retains discretion to reduce the fee award where fees were not reasonably incurred," such as 'padding' in the form of inefficient or duplicative efforts or over-litigating the matter. *Karapetian v. Kia Motors America, Inc.*, 970 F.Supp.2d 1032, 1036 (C.D. Cal. 2013).

An attorney's fee award is based on actual time expended and is not tied to the recovery. *See Robertson v. Fleetwood Travel Trailers of California, Inc.*, 144 Cal. App. 4th 785, 820 (Cal. Ct. App. 2006).

### III. DISCUSSION

Plaintiff has moved the Court for an award of $20,300 in attorney's fees and $531.21 in costs. (Mot., ECF No. 13.) Plaintiff's attorney fee figure is based on his attorney, Mr. Mark Romano, expending 40.6 hours of time on the matter at a rate of $500 per hour. (Romano Decl., ECF No. 13-3 at ¶¶ 13, 19-21.) Additionally, Plaintiff has included a detailed record of the fees and costs incurred by Mr. Romano. (*See* Romano Decl., Ex. 1)

Defendant does not dispute that Plaintiff is the prevailing party and is allowed reasonable attorney's fees. Defendant argues the attorney's fee award sought is inflated because Mr. Romano was inefficient and his hourly rate is unreasonably high. (Def's Opp'n, ECF No. 16.) The Court will discuss these arguments in turn.

**A. Attorney's Fees Generally**

Although not expressly argued, Defendant seems to indicate that litigation as a whole was unnecessary because "[t]here was no demand made of any kind by [Plaintiff] before litigation." (Def's Opp'n at 2:12-13.) Defendant goes on to state that once "[a]fforded an opportunity to collect the records and review the service files," Defendant made a "prompt decision to repurchase the vehicle[.]" (*Id*. at 13-15.)

Such an argument was expressly rejected by the California Court of Appeal in *Krotin v. Porsche Cars North America, Inc.*, 38 Cal. App. 4th 294 (Cal. Ct. App. 1995). In *Krotin*, it was argued that consumers "must notify the manufacturer in a reasonable and timely manner" of the intention to exercise rights under the SBA. *Krotin*, 38 Cal. App. 4th at 302-03. To require otherwise, it was argued, would require manufacturers to be "'clairvoyant' with respect to acknowledging and responding to otherwise unknown claims by consumers." *Id*. at 302. In rejecting this argument, the court explained that manufacturers need not be clairvoyant but "need only read its dealers' service records" to determine when it is appropriate for a vehicle to be replaced or repurchased. *Id*. at 303.

It is alleged that Defendant maintained possession of Plaintiff's motorcycle for a period of 80 days before the filing of the Complaint. The SBA requires a vehicle to be "serviced or repaired so as to conform to the applicable warranties within 30 days." Cal. Civ. Code §1793.2(b). Thus, Defendant had 50 days in which it could have resolved the present matter without incurring legal costs. If Defendant wished to avoid the costs associated with litigation, Defendant should have heeded the admonition of the *Krotin* court that manufacturers ought to "demonstrate more initiative in honoring warranties." *Id*. at 303.

**B. Padding Of Time**

Defendant argues that Plaintiff's counsel has padded the time spent on the matter. Defendant notes that Mr. Romano "bills 0.1 to review many documents, emails and pleadings" that are often single-line emails or "standard court notices." (Def's Opp'n at 4:1-8.) Defendant also objects to Mr. Romano billing 0.2 when composing an email to

4

defense counsel and then 0.2 when reviewing defense counsel's response. (*Id*. At 5:21-25.) Defendant claims these actions could have been achieved in a minute combined. (*Id*.) Lastly, Defendant claims that 1.8 hours billed regarding the duplicate case filed in the Central District of California is unreasonable. Defendant argues Mr. Romano should have delegated the monitoring of the duplicate case to a subordinate because Defendant assured Mr. Romano the duplicate matter would be dismissed. (*Id*. at 6:1-10.)

The Court finds that Mr. Romano did not pad in the form of excessive litigation or duplicative efforts but does find Mr. Romano was inefficient in his efforts at times. Mr. Romano billed 0.2 hours for drafting an email to defense counsel regarding the removal of the matter to two separate courts. (Romano Decl., Ex 1 at 1.) Mr. Romano then billed 0.2 to review the response email from defense counsel. (*Id*.) In support of its argument that this was excessive, Defendant attached the emails in question. (Celentino Decl., Ex. A.) Mr. Romano's email consists of two sentences and simply requests for a correction to be made. The response from defense counsel is equally terse and simply states the matter removed to the Central District will be dismissed; an email that may have taken seconds to read. Another example of excessive billing occurs where Mr. Romano bills 0.2 hours for providing "instructions to staff re calendaring case events." (Romano Decl., Ex. 1 at 3.) The training of staff on the proper way to calendar case events is not a reasonable fee to be passed on to an opposing party.

The amount of time billed for these tasks, and others throughout the billing statement, are excessive. As a result of this, the Court reduces Mr. Romano's billable hours by 4.8, from 40.6 to 35.8. A breakdown of the adjusted amounts is attached as Exhibit A.

However, Mr. Romano's time entry regarding the removal of the matter to two different federal district courts is entirely attributable to Defendant's error and the time attributed to the monitoring of this error is reasonable. Defendant erroneously removed the matter to both the United States District Courts for the Central and Southern Districts of California. Doing so required Plaintiff's counsel to review duplicate removal documents and conduct a thorough review of the file to determine which removal may have been

1  proper and which would need to be challenged. It is patently reasonable for counsel to
2  review and follow all court proceedings, regardless of the assurances provided by opposing
3  counsel. To do otherwise may expose a client to excess risk and an attorney to malpractice
4  claims. All of this having been done in under two hours is reasonable.

**D. Attorney Hourly Rate**

Plaintiff seeks to have Mr. Romano compensated at an hourly rate of $500 per hour and has provided evidence demonstrating Mr. Romano's experience and the tasks completed in this matter. Defendant argues the rate should be reduced to $460 because the present matter was not complex and because counsel for Defendant charges a lower rate. (Celentino Decl. at ¶ 5.)

The Court finds the hourly rate of $500 per hour to be reasonable given Mr. Romano's experience, the tasks completed, and this rate is similar to rates deemed reasonable in other similar matters. *See Gezalyan v. BMW of North America*, LLC, 697 F.Supp.2d 1168, 1171 (C.D. Cal. 2010) (rate of $425 found to be reasonable where attorney spent time researching and writing pleadings and motions, reviewing records, and meeting with the consumer); *see also Goglin v. BMW of North America, LLC*, 4 Cal. App. 5th 462, 473-74 (Cal. Ct. App. 2016) (finding a rate of $575 reasonable where BMW argued the case was not complex and provided evidence that counsel for BMW charged much lower hourly rates). Defendant's suggested hourly rate for Mr. Romano of $460 per hour similarly falls within a range of reasonableness but fails to demonstrate that $500 per hour is unreasonable.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion and awards Plaintiff $18,431.21 in attorney's fees and costs.

**IT IS SO ORDERED**.

Dated: April 30, 2018

_____
Hon. William V. Gallo
United States Magistrate Judge

# EXHIBIT A

| Date | Description | Original Hours | Court Adjusted |
|---|---|---|---|
| 1/9/2018 | Confirm proof of service | 0.1 | |
| 1/9/2018 | Review NEF re Answer filed | 0.1 | |
| 1/9/2018 | Review NEF re notice of assignment | 0.1 | 0.1 |
| 1/9/2018 | Review NEF re court-directed ADR program | 0.1 | |
| 1/9/2018 | Review NEF re Notice of Deficiencies | 0.1 | |
| 1/10/2018 | Review mgs's info on court website | 0.8 | |
| 1/10/2018 | Review NEF re demand for jury trial | 0.1 | 0.1 |
| 1/10/2018 | Continue reviewing local rules | 0.7 | |
| 1/10/2018 | Draft email to Dft re dual removal | 0.2 | 0.1 |
| 1/10/2018 | Review email from Dft re removal | 0.2 | |
| 1/11/2018 | Review NEF re standing order | 0.1 | |
| 1/11/2018 | Review NEF re courtesy copies of documents | 0.1 | 0.1 |
| 1/12/2018 | Review standing order | 0.3 | |
| 1/12/2018 | Review NEF re application to dismiss | 0.1 | |
| 1/16/2018 | Review NEF re order granting application to dismiss | 0.1 | |
| 1/17/2018 | Review order granting application to dismiss | 0.1 | |
| 1/17/2018 | Review NEF re application for refund of fees | 0.1 | |
| 1/18/2018 | Review Dft's application for refund of fees | 0.1 | |
| 1/18/2018 | Review court notice to Dft re deficiencies in filing | 0.1 | 0.3 |
| 1/23/2018 | Review Dft/s certificate of service | 0.1 | |
| 1/24/2018 | Reviewing NEF re refiling of request for refund | 0.1 | |
| 1/25/2018 | Review court notice re refiling of request for refund | 0.1 | |
| 1/26/2018 | Review NEF re application for refund of fees | 0.1 | |
| 2/22/2018 | Review NEF re application for refund of fees | 0.1 | |
| 2/22/2018 | Review Dft's app for refund | 0.1 | 0.2 |
| 2/28/2018 | Review order granting application for refund | 0.1 | |
| 3/1/2018 | Review NEF re refund | 0.1 | |
| 3/1/2018 | Provide instructions to staff re calendaring case events | 0.2 | 0.0 |
| 3/9/2018 | Draft memo to staff re lodging and serving ENE | 0.1 | 0.0 |
| 3/14/2018 | Prep for phone conf | 1.0 | 0.5 |
| / / / | / / / | / / / | / / / |
| / / / | / / / | / / / | / / / |
| / / / | / / / | / / / | / / / |

| Date | Description | Hours | Total |
|---|---|---|---|
| 3/14/2018 | Review NEF re minute entry of stat conf | 0.1 | |
| 3/21/2018 | Review magistrate consent form | 0.1 | |
| 3/22/2018 | Review proposed magistrate consent form from Dft | 0.1 | |
| 3/22/2018 | Receive signed consent form from client | 0.1 | 0.3 |
| 3/23/2018 | Review email from Celentino re consent form | 0.2 | |
| 3/29/2018 | Email to Celentino re status of consent form | 0.1 | |
| 3/29/2018 | Receive reply email from Celentino | 0.1 | |